### DOHERTY v. ROBERTSON.
#### No. 5762.

Court of Appeals of the District of Columbia.

Argued April 7, 1933.

Decided May 8, 1933.

J. Austin Stone, of Washington, D. C., and Kenneth I. White, of New York City, for appellant.

T. A. Hostetler, Sol. of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill filed under section 4915, Rev. St. (section 63, title 35, U. S. C. [35 USCA § 63]).

Appellant's alleged invention relates to a method of recovering oil from a partially depleted oil sand body by forcing under pressure (through a well) a liquefied hydrocarbon substance, consisting principally of butane and propane, into the oil stratum, where it dissolves in the oil, lowering its viscosity and surface tension. The product then passes out through another well.

Claim 1 is illustrative of the eleven claims of appellant's application, and reads as follows: "A method of obtaining oil from oil fields comprising forcing a liquefied mixture of butane and propane saturated with hydrocarbon gas into an oil stratum, and recovering oil from the stratum at a point remote from the point of introduction of the mixture into the stratum."

Appellant contends that his method is an improvement over the Wright method as disclosed in Wright's patent of June 30, 1914 (No. 1101605), while the Patent Office tribunals and the court below were of the view that appellant's method is not patentably different from Wright's.

Claim 1 of the Wright patent reads as follows: "A method of obtaining oil from exhausted wells which consists in forcing a liquefied natural gas substance into an oil bearing stratum at one point and receiving oil mingled with said substance at another point."

It thus appears that both Wright and Doherty operate in the same field and to the same purpose. Appellant's expert admitted that the Wright method is substantially in use, except the method of well cooling. He explained that the Doherty method is not in use "because of lack of opportunity to apply the process near one of the gasoline plants where propane and butane was available."

In his specification Wright states one object of his invention to be to divert and conserve natural gas by turning it into a non-gas-producing but oil-containing well, shutting in the well to prevent the escape of gas and oil therefrom; "taking the gasolene-charged oil from other (now dead) wells in the same field; storing the oil in tanks having closed tops; *and recovering the gas from the space above the oil in such tanks.*" Wright then draws the uncondensed gases collected at the top of the tanks into a compressor, liquefies the contents, and introduces the product into an adjacent well. At ordinary temperatures the gas in the top of the tanks would be rich in propane and butane. While Wright does not give the chemical composition of his mixture, if his specification is followed, the mixture must consist substantially of the hydrocarbons which constitute appellant's mixture.

Appellant contends that the brine-cooling system disclosed by Wright "is practically inoperative for liquefying normally gaseous hydrocarbons such as propane and butane." But appellant discloses no cooling method whatever. In his brief he states that practical application of his process "requires that the propane and butane be liquefied by very efficient refrigeration before being introduced to the injection well." We must assume, therefore, that cooling methods are so well known in the art as to require no description in the specification. It follows that the best cooling system known to the art was and is available to those practicing the Wright invention.

The Wright patent having expired, the method disclosed therein is open to the public and, according to the testimony of appellant's expert, is in practice by the public. Since the mixture from the dome of the storage tanks which Wright utilizes consists principally of propane and butane, it is apparent that should appellant's application be allowed the public would be prevented from practicing the method disclosed by Wright. See American Fruit Growers, Inc., v. Brogdex Co., 283 U. S. 1, 14, 51 S. Ct. 328, 75 L. Ed. 801.

Decree affirmed.

Affirmed.